## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Victoria Soboleski,

      Plaintiff,                Case No: 5:25-cv-11839-JEL-DRG

   v.                          Hon. Judith E. Levy

Crumble LLC,

      Defendant.

_____/

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Crumbl LLC (erroneously sued as Crumble LLC) ("Crumbl" or "Defendant") through its undersigned counsel, hereby answers Plaintiff Victoria Soboleski's ("Plaintiff") Complaint as follows.

### NATURE OF THIS ACTION

1.      Victoria Soboleski ("Plaintiff") brings this class action against Crumble LLC ("Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER**: Crumbl admits that Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 1 of the Complaint.

2.      Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing

to be delivered, more than one advertisement or marketing text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**ANSWER**: The allegations contained in Paragraph 2 of the Complaint contain legal conclusions to which a response is not warranted. Notwithstanding and without waiving any defenses, Crumbl denies that it violated any statutes and denies any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5) and 28 U.S.C. § 1331.

**ANSWER**: Crumbl admits that Plaintiff alleges a claim pursuant to the TCPA, which constitutes a federal question for the purposes of 28 U.S.C. § 1331. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 3 of the Complaint.

4.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**ANSWER**: Crumbl admits only that venue is proper in this District based on Plaintiff's allegation that she has resided in this District at all relevant times. Crumbl denies that its actions in this District have involved or otherwise given rise to

Plaintiff's claim and denies the remaining allegations in Paragraph 4 of the Complaint.

5.      In particular, Defendant delivered, or caused to be delivered, the subject text messages to Plaintiff's cellular telephone in this district, and Plaintiff received the subject text messages in this district.

**ANSWER**: Crumbl denies that its actions in this District have involved or otherwise given rise to Plaintiff's claim and denies the remaining allegations in Paragraph 5 of the Complaint.

## PARTIES

6.      Plaintiff is a natural person who at all relevant times resided in this District.

**ANSWER**: Crumbl admits Plaintiff is a natural person but lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and therefore denies the same.

7.      Defendant is a limited liability company.

**ANSWER**: Crumbl admits the allegations in Paragraph 7 of the Complaint.

## COMPLAINTUAL ALLEGATIONS

8.      Plaintiff is, and since March of 2025, was the subscriber of cellular telephone number—(586) 420-XXXX.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies the same.

9.     The telephone number was used as a personal residential telephone number.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies the same.

10.     The Plaintiff does not have a landline.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies the same.

11.     Plaintiff does not use the telephone number (586) 420-XXXX for business or commercial purposes.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies the same.

12.     Plaintiff registered telephone number (586) 420-XXXX with the DNC Registry on March 27, 2025.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13.     Defendant delivered, or caused to be delivered, text messages to telephone number (586) 420-XXXX in 2024, including in April, May and June 2025.

**ANSWER**: Crumbl admits it caused certain text messages to be delivered to Plaintiff's alleged phone number[1] in April, May, and June 2025.

14.     Some of the text entries are below:

---

[1] Plaintiff's counsel has provided Plaintiff's full phone number to Crumbl's counsel for purposes of facilitating Crumbl's review of records relevant to Plaintiff's claim.

4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3



4928-6121-9420.3

**ANSWER**: Crumbl admits that the images contained within Paragraph 14 of the Complaint appear to reflect text messages sent by Crumbl to the phone number previously registered by Plaintiff (or another person with access to Plaintiff's phone number) with Crumbl's rewards program. Crumbl lacks sufficient knowledge and information to form a belief as to the authenticity of these images.

15.     Defendant delivered, or caused to be delivered, the subject text messages to telephone number (586) 420-XXXX thirty-one or more days after Plaintiff registered telephone number (586) 420-XXXX with the DNC Registry.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and therefore denies the same.

16.     The subject text messages were intended for someone other than, and unknown to, Plaintiff.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint and therefore denies the same.

17.     The purpose of the subject text messages was to advertise and market Defendant's business or services.

**ANSWER**: Crumbl denies the allegations of Paragraph 17 of the Complaint.

18.     Plaintiff did not give Defendant prior express consent or permission to deliver, or cause to be delivered, advertisement or marketing text messages to telephone number (586) 420- XXXX.

**ANSWER**: Crumbl denies the allegations of Paragraph 18 of the Complaint.

19.     Plaintiff did not request information or promotional materials from Defendant.

**ANSWER**: Crumbl denies the allegations of Paragraph 19 of the Complaint.

20.     Plaintiff suffered actual harm as a result of the subject text messages in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

**ANSWER**: Crumbl denies the allegations of Paragraph 20 of the Complaint.

21.     Upon information and good faith belief, Defendant knew, or should have known, that telephone number (586) 420-XXXX was registered with the DNC Registry.

**ANSWER**: Crumbl denies the allegations of Paragraph 21 of the Complaint.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

All persons throughout the United States (1) who did not
provide her telephone number to Crumble LLC, (2) to
whom Crumble LLC delivered, or caused to be delivered,
more than one voice message or text message within a
12-month period, promoting Crumble LLC goods or
services, (3) where the person's residential or cellular
telephone number had been registered with the National
Do Not Call Registry for at least thirty days before
Crumble LLC delivered, or caused to be delivered, at
least two of the voice messages or text messages within
the 12-month period, (4) within four years preceding the
date of this complaint and through the date of class
certification.

**ANSWER**: Crumbl admits that Plaintiff purports to bring this lawsuit as a
class action and purports to define a putative class, but denies that this lawsuit is
appropriate for class treatment, that any class can be certified, that Plaintiff can
satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that
any individual should be included in such purported class. Crumbl denies that there
is any basis in law or fact for Plaintiff's claim and denies any remaining allegations
in Paragraph 22 of the Complaint.

23.    Excluded from the class is Defendant, its officers and directors, members of her immediate families and her legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

**ANSWER**: Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 23 of the Complaint.

24.    Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

**ANSWER**: The allegations contained in Paragraph 24 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported

17

class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 24.

25.     The exact number of members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

**ANSWER**: The allegations contained in Paragraph 25 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 25.

26.     The class is ascertainable because it is defined by reference to objective criteria.

**ANSWER**: The allegations contained in Paragraph 26 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be

18

certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 26.

27.    In addition, the members of the class are identifiable in that, upon information and good faith belief, her telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties.

**ANSWER**: The allegations contained in Paragraph 27 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 27.

28.    Plaintiff's claims are typical of the claims of the members of the class.

**ANSWER**: The allegations contained in Paragraph 28 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports

19

to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 28.

29.     As it did for all members of the class, Defendant delivered, or caused to be delivered, solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff's telephone number was registered with the DNC Registry.

**ANSWER**: Crumbl denies the allegations in Paragraph 29 of the Complaint.

30.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

**ANSWER**: The allegations contained in Paragraph 30 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported

20

class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 30.

31.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

**ANSWER**: The allegations contained in Paragraph 31 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 31.

32.     Plaintiff suffered the same injuries as the members of the class.

**ANSWER**: The allegations contained in Paragraph 32 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules

21

of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 32.

33.     Plaintiff will fairly and adequately protect the interests of the members of the class.

**ANSWER**: The allegations contained in Paragraph 33 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 33.

34.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

**ANSWER**: The allegations contained in Paragraph 34 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but

4928-6121-9420.3

denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 34.

35.    Plaintiff will vigorously pursue the claims of the members of the class.

**ANSWER**: The allegations contained in Paragraph 35 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 35.

36.    Plaintiff has retained counsel experienced and competent in class action litigation.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint and therefore denies the same.

23

37.    Plaintiff's counsel will vigorously pursue this matter.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint and therefore denies the same.

38.    Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

**ANSWER**: Crumbl lacks sufficient knowledge and information to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint and therefore denies the same.

39.    The questions of law and Complaint common to the members of the class predominate over questions that may affect individual members of the class.

**ANSWER**: The allegations contained in Paragraph 39 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 39.

40.     Issues of law and Complaint common to all members of the class are:

a.      Defendant's conduct, pattern, and practice as it pertains to delivering, or causing to be delivered, advertisement and telemarketing text messages;

b.      Defendant's practice of delivering, or causing to be delivered, text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

c.      Defendant's violations of the TCPA; and

d.      The availability of statutory penalties.

**ANSWER**: The allegations contained in Paragraphs 40 of the Complaint, including subparts (a)-(d), contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 40.

41.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

25

**ANSWER**: The allegations contained in Paragraph 41 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 41.

42.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive Complaints.

**ANSWER**: The allegations contained in Paragraph 42 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 42.

4928-6121-9420.3

43.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede her ability to protect her interests.

**ANSWER**: The allegations contained in Paragraph 43 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 43.

44.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

**ANSWER**: The allegations contained in Paragraph 44 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be

27

certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 44.

45.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential Complaints, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

**ANSWER**: The allegations contained in Paragraph 45 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 45.

46.    The damages suffered by the individual members of the class may be relatively small, thus, the expense and burden to litigate each of her claims

4928-6121-9420.3

individually make it difficult for the members of the class to redress the wrongs done to them.

**ANSWER**: The allegations contained in Paragraph 46 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 46.

47.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

**ANSWER**: The allegations contained in Paragraph 47 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported

4928-6121-9420.3

class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 47.

48.    There will be no extraordinary difficulty in the management of this action as a class action.

**ANSWER**: The allegations contained in Paragraph 48 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 48.

49.    Defendant acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**ANSWER**: The allegations contained in Paragraph 49 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to bring this lawsuit as a class action and purports to define a putative class, but denies that this lawsuit is appropriate for class treatment, that any class can be

4928-6121-9420.3

certified, that Plaintiff can satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and that any individual should be included in such purported class. Crumbl denies that there is any basis in law or fact for Plaintiff's claim and denies any remaining allegations in Paragraph 49.

## COUNT I

## VIOLATION OF 47 U.S.C. § 227(C)(5)

50.     Plaintiff repeats and re-alleges each and every Complaintual allegation contained in paragraphs 1-49.

**ANSWER**: Crumbl repeats and incorporates its responses above to the allegations contained in Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51.     In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

**ANSWER**: The allegations contained in Paragraph 51 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits that Plaintiff purports to cite FCC guidance without providing appropriate context for the assertion made in Paragraph 51.

31

52.    A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

**ANSWER**: The allegations contained in Paragraph 52 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits Plaintiff has selectively quoted and paraphrased aspects of the decisions referenced in Paragraph 52.

53.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER**: The allegations contained in Paragraph 53 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits Plaintiff has selectively quoted a portion of the regulation referenced in Paragraph 53.

54.     Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

**ANSWER**: The allegations contained in Paragraph 54 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits Plaintiff has selectively quoted a portion of the regulation referenced in Paragraph 54.

55.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

**ANSWER**: The allegations contained in Paragraph 55 of the Complaint contain legal conclusions to which a response is not warranted. To the extent the allegations are deemed to require a response, Crumbl admits Plaintiff has selectively quoted a portion of the statute referenced in Paragraph 55.

56.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered her respective cellular or residential telephone numbers

33

with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

**ANSWER**: Crumbl denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12- month period in violation of 47 C.F.R. § 64.1200.

**ANSWER**: Crumbl denies the allegations contained in Paragraph 57 of the Complaint.

58.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**ANSWER**: Crumbl denies the allegations contained in Paragraph 58 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

       i.    Determining that this action is a proper class action;

      ii.    Designating Plaintiff as a class representative of the class under Federal Rule of Civil Procedure 23;

34

iii.    Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

iv.    Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

v.    Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation text messages to telephone numbers registered with the DNC Registry for at least thirty days;

vi.    Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

vii.    Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

viii.    Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

ix.    Awarding Plaintiff and the members of the class any pre-judgment and post- judgment interest as may be allowed under the law; and

x.    Awarding such other and further relief as the Court may deem just and proper.

35

**ANSWER**: Crumbl denies that Plaintiff and the putative class are entitled to the relief requested in the Prayer for Relief, or to any relief at all in this action. Crumbl further denies that Plaintiff's putative class can be certified under Rule 23 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

**ANSWER**: Plaintiff's jury trial demand does not require a response. To the extent a response is required, Crumbl reserves the right to object to the submission of any question or issue to a jury.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, entitled "Affirmative Defenses," Crumbl further responds to Plaintiff's Complaint by alleging the following defenses, avoidances and affirmative defenses without assuming the burden of proof where such a burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. All defenses are alleged as to Plaintiff and, in the event that this case is permitted to proceed on a class basis, as to any other member of the purported class. Crumbl reserves the right to assert additional separate defenses at such time and to such extent as warranted by discovery and other developments in this case, and asserts the separate defenses, avoidances and

36

affirmative defenses herein in good faith to avoid waiver. By alleging the defenses below, Crumbl does not in any way agree or concede that Plaintiff has properly stated any cause of action in her Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action contained therein, fails to state a claim upon which relief may be granted against Crumbl.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because Plaintiff ratified, waived, or otherwise consented to the conduct alleged in the Complaint. Specifically, Plaintiff or another person acting on behalf of Plaintiff affirmatively enrolled Plaintiff's phone number in Crumbl's text messaging program.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, due to Plaintiff's unclean hands. Plaintiff has recently filed at least eight nearly identical putative class actions in federal court against several other companies. With respect to Crumbl specifically, Plaintiff could have simply texted "STOP" to opt out of Crumbl's text messaging program and immediately stop receiving text messages. Instead, she affirmatively chose to allow Crumbl to continue sending her text messages pursuant to the prior enrollment of her phone number in Crumbl's text

messaging program.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because the text messages at issue were permitted, allowed by, and/or exempt from, the TCPA and/or any related regulations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members have not suffered any injury-in-fact and, therefore, Plaintiff and/or putative class members lack standing to bring their purported claim and any award would constitute unjust enrichment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because Plaintiff failed to mitigate her damages, if any. For example, Plaintiff chose not to text "STOP" in response to any of the text messages, which would have caused such communications to cease immediately.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, by virtue of Crumbl's established business relationship with Plaintiff and/or putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks statutory penalties of any kind,

4928-6121-9420.3

such claims are punitive and violate Defendant's due process rights under the United States Constitute, the Fifth and Fourteenth Amendments, and/or the prohibition on "excessive fines" of the Constitution, the Eighth Amendment.

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

Plaintiff's claim fails to the extent that it abridges Defendant's freedom of speech under the United States Constitution, the First Amendment.

<strong>TENTH AFFIRMATIVE DEFENSE</strong>

Plaintiff's and/or putative class members' claim is barred, in whole or in part, by Plaintiff's and/or putative class members' consent to the conduct at issue.

<strong>ELEVENTH AFFIRMATIVE DEFENSE</strong>

The Court cannot certify the claims of absent class members residing outside of the State of Michigan because it lacks jurisdiction over the claims of such absent class members.

<strong>TWELFTH AFFIRMATIVE DEFENSE</strong>

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because the alleged damages were caused by the acts or omissions of Plaintiff and/or members of the putative class, their agents or employees, intervening and superseding causes or circumstances, or by third parties for which Crumbl is not responsible.

4928-6121-9420.3

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, by the terms and conditions and/or limitations of liability contained in any applicable agreements with Crumbl.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because Plaintiff did not suffer any actionable injury or because such injury was not actually or proximately caused by Crumbl.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because any text message she or they received from Crumbl or any person or entity acting on Crumbl's behalf was manually sent and/or constituted a manually dialed call.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, because Plaintiff, by her own acts and omissions, waived her rights, if any, to recover from Crumbl.

## SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's and/or putative class members' claim is barred, in whole or in part, by the doctrines of estoppel, laches, or release, or are otherwise time barred.

40

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Crumbl substantially complied with the TCPA and/or related regulations.

## RESERVATION OF AFFIRMATIVE DEFENSES

Crumbl asserts that it has insufficient information upon which to form a belief as to the existence of additional, as yet unstated affirmative defenses. Crumbl reserves the right to assert any and all additional affirmative defenses it determines apply as a result of discovery and subsequent investigation and analysis.

Dated: August 13, 2025

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ John J. Atallah*
John J. Atallah
Foley & Lardner LLP
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4834
jatallah@foley.com

*Counsel for Defendant Crumbl LLC*

41

4928-6121-9420.3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 13, 2025, I electronically filed the foregoing document and attachments with the Clerk of the Court for the United States District Court for the Eastern District of Michigan by using the Court's CM/ECF system, which will send notification to all counsel of record.

 */s/ John J. Atallah*
John J. Atallah