UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VICTORIA SOBOLESKI, *on behalf of herself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> CRUMBLE LLC <br><br> Defendant. | Civil Action No.: 5:25-cv-11839 <br><br> Class Action Complaint <br><br> Jury Trial Demanded |

**JOINT DISCOVERY PLAN / CASE MANAGEMENT ORDER**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's August 14, 2025 Order, counsel for the parties submit the following discovery plan.

1. **Statement of the Case**:

Plaintiff's Statement of Case: Plaintiff Victoria Soboleski alleges that Defendant Crumble LLC violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by delivering, or causing to be delivered, multiple marketing text messages to her personal cell number despite her number being registered on the National Do Not Call Registry. Plaintiff asserts that the texts were unsolicited, sent for advertising purposes, and delivered more than 30 days after her registration on the DNC Registry. Plaintiff seeks to represent a nationwide class of individuals who similarly received multiple marketing calls or texts from Defendant despite being on the DNC Registry.

Defendant's Statement of Case: Defendant Crumbl LLC (erroneously sued as Crumble LLC) ("Crumbl") operates nationally and offers a rotating menu of classic and specialty cookies. As part of its customer engagement efforts, Crumbl offers a rewards program through which

1

customers may voluntarily provide their phone numbers to receive occasional SMS text messages, with the option to opt out at any time by replying "STOP." Crumbl only sends these text messages to phone numbers that have been manually enrolled by consumers, like Plaintiff, in Crumbl's rewards program. Plaintiff never texted "STOP" in response to the text messages referenced in her Complaint, and instead brought this putative class action lawsuit alleging that certain promotional text messages violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Crumbl maintains that at all times relevant to Plaintiff's allegations, it has complied with all applicable laws, and denies that this lawsuit is appropriate for class treatment or that there is any basis in law or fact for Plaintiff's claim.

2. **Principal Factual and Legal Issues**

- Whether the text messages at issue constitute "telemarketing" within the meaning of the TCPA.
- Whether Plaintiff and the putative class members provided prior express consent.
- Whether Plaintiff can establish liability for statutory damages under 47 U.S.C. § 227(c)(5).
- Whether Plaintiff can satisfy Rule 23(a) and (b) requirements for class certification.
- The scope of Defendant's compliance policies and procedures related to TCPA obligations; and
- Damages and the availability of treble damages for willful or knowing violations.

3. **Case Schedule**

The parties propose the following case schedule:

| EVENT | DEADLINE |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. P 26(a)(1) | September 18, 2025 |
| Deadline for Amendments to Pleadings and Joinder of Parties | January 2, 2026 |
| Parties' Expert Disclosure | May 4, 2026 |
| Deadline for Expert Depositions | June 1, 2026 |

| Rebuttal Expert Reports | June 22, 2026 |
|---|---|
| All Discovery Ends | July 24, 2026 |
| Deadline for facilitation notification | July 24, 2026 |
| Deadline for submission of Plaintiff's motion for class certification | August 17, 2026 |
| Deadline for submission of Defendant's motion for summary judgment | November 20, 2026 |
| Rule 16 Conference to Discuss Remaining Case Schedule and Set a Trial Date | Set at the Court's Discretion Following a Decision on Class Certification and/or Summary Judgment |

4. **Discovery**:

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(B), the parties have commenced discovery on the claims and defenses at issue.

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by Defendant and their responses thereto.

Crumbl anticipates seeking from parties and non-parties written and oral discovery including but not limited to: (1) Plaintiff's phone records related to this case, including the date on which Plaintiff first obtained access to her phone number; (2) records, documents, and ESI reflecting Plaintiff's enrollment in the Crumbl Rewards Program and any provision of consent to

3

receive SMS messages, and/or any other interactions or other communications between Plaintiff and Crumbl; (3) all SMS messages Plaintiff claims to have received from Crumbl, including message content, timestamps, and associated metadata; (4) records and ESI relating to any opt-out requests sent by Plaintiff to Crumbl, including "STOP" or similar messages; (5) documents supporting Plaintiff's alleged damages or harm; (6) communications between Plaintiff and any third parties, including putative class members, regarding the text messages at issue; (7) documents and ESI supporting Plaintiff's contention that a class can be certified, including any lists or identification of putative class members; and (8) documents and ESI relating to any complaints Plaintiff has made or received regarding SMS marketing messages from other companies.

5. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties do not anticipate any issues regarding claims of privilege or of work product protection. The Parties intend to submit a proposed protective order within 30 days that will address claw back of any privileged or trial preparation materials under FRE 502(d) and the labeling and handling of any confidential, proprietary and/or financial information.

6. **Alternative Dispute Resolution**:

The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties believe that private mediation may be appropriate as this case proceeds and do not seek a referral for a settlement conference.

7.  **Jury or Non-Jury**:

This case is to be tried before a jury because Plaintiff timely demanded a jury trial. The parties will submit their proposed Jury Instructions 28 days before the final pretrial conference.

8.  **Length of Trial**:

Counsel estimate the trial will last approximately 6 days total, allocated as follows:

- 3 days for Plaintiff's case
- 3 days for Defendant's case

Dated: September 8, 2025          PLAINTIFF, on behalf of herself
                                  and others similarly situated,


                                  */s/ Anthony I. Paronich*
                                  Anthony I. Paronich
                                  Paronich Law, P.C.
                                  350 Lincoln Street, Suite 2400
                                  Hingham, MA 02043
                                  (508) 221-1510
                                  anthony@paronichlaw.com


Dated: September 8, 2025          DEFENDANT Crumble LLC


                                  */s/ John J. Atallah*
                                  John J. Atallah
                                  Foley & Lardner LLP
                                  555 S. Flower Street, Suite 3300
                                  Los Angeles, CA 90071
                                  (213) 972-4500
                                  jatallah@foley.com