**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Victoria Soboleski,

                Plaintiff,          Case No: 5:25-cv-11839-JEL-DRG

  v.                         Judith E. Levy
                                 United States District Judge
Crumble LLC,

                                Mag. Judge: David R. Grand
                Defendant.

_____/

## DECLARATION OF JOHN ATALLAH IN SUPPORT OF DEFENDANT'S MOTION TO QUASH OR FOR PROTECTIVE ORDER AS TO THIRD-PARTY SUBPOENAS

I, John J. Atallah, declare as follows:

1.     I am an attorney admitted to practice before the United States District Court for the Eastern District of Michigan. I am a partner at Foley & Lardner LLP and serve as counsel of record for Defendant Crumbl, LLC (erroneously sued as "Crumble LLC" ("Crumbl"). I make the following statements based upon personal knowledge of the facts set forth herein, and if called as a witness could competently testify thereto.

2.     I submit this declaration in support of Crumbl's Motion to Quash and/or for Protective Order (the "Motion") in response to the subpoenas to third-parties Bandwidth.com CLEC, LLC ("Bandwidth") and Braze, Inc ("Braze," collectively with Bandwidth, the "Third Parties") issued by Plaintiff Victoria Soboleski

1

("Plaintiff") on January 25, 2026 (the "Subpoenas").

3. Plaintiff's counsel provided Crumbl with copies of the Subpoenas on January 25, 2026. A true and correct copy of the subpoena issued by Plaintiff to Bandwidth (the "Bandwidth Subpoena"), as received from Plaintiff's counsel, is attached hereto as **Exhibit A**. A true and correct copy of the subpoena issued by Plaintiff to Braze (the "Braze Subpoena"), as received from Plaintiff's counsel, is attached hereto as **Exhibit B**.

4. On February 9, 2026, Bandwidth objected to the Bandwidth Subpoena on the basis that it is vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of relevant information, and seeks trade secret information or information that is confidential or proprietary in nature (the "Bandwidth Objection Letter"). I received the Bandwidth Objection Letter via email from Plaintiff's counsel on February 10, 2026. A true and correct copy of the Bandwidth Objection Letter, as received from Plaintiff's counsel, is attached hereto as **Exhibit C**.

5. On February 19, 2026, I contacted Plaintiff's counsel via email to initiate a meet and confer regarding the Motion prior to Bandwidth's February 20, 2026 deadline to respond to the Bandwidth subpoena. Plaintiff's counsel responded that he was available to meet and confer on February 23, 2026.

6. Pursuant to Local Rule 7.1, I engaged in several meet and confer

communications with counsel for Plaintiff, including by video call on February 23 and March 9, 2026, and via email on several occasions between February 19 and March 20, 2026.  Through those meet and confer communications, I explained the nature of Crumbl's Motion and its legal basis. Counsel for the parties were unable to reach an agreement that would avoid the need for this Motion.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on March 20, 2026 at Los Angeles, California.


*/s/ John J. Atallah*
John J. Atallah