# EXHIBIT B

**EXHIBIT B**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | | |
|---|---|---|
| Victoria Soboleski, et. al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   25-cv-11839 |
| | ) | |
| Crumble LLC | ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                          Braze, Inc.

_____
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Exhibit A.

| Place:  Magna Legal Services | Date and Time: |
|---|---|
| 320 W 37th St 12th Floor, New York, NY 10018 | 02/27/2026 10:00 am |

The deposition will be recorded by this method:   Stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule B. (To arrange for delivery, please contact Anthony Paronich, Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043, (617) 485-0018, anthony@paronichlaw.com)

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/25/2026

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Anthony I. Paronich |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiff
, who issues or requests this subpoena, are:

Paronich Law, P.C., 350 Lincoln Street, Suite 2400, Hingham, MA 02043, (617) 485-0018, anthony@paronichlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A and B

Pursuant to the foregoing subpoena and Rule 45 of the Federal Rules of Civil Procedure, Victoria Soboleski ("Plaintiff") requests and demands that Braze, Inc., a third party, produce for deposition a witness capable of responding to the topics enumerated below.

## Definitions

1.      "Action" means the action captioned *Soboleski v. Crumble LLC*, 25-cv-11839 currently pending in the United States District Court for the Eastern District of Michigan.

2.      "Communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

3.      "Document" means that as defined by the Federal Rules of Civil Procedure.

4.      "Electronically stored information" means that as defined by the Federal Rules of Civil Procedure.

5.      "Crumble" refers to Crumble LLC.

6.      Should a specific term be undefined, and should Interactive Data feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

## Relevant Time Period

The relevant time period, unless otherwise indicated, begins on June 19, 2021 and continues through the present.

## Documents

1.      Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that included a solicitation.

2.      Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that included a link to a website by way of which Crumble's product(s) could be purchased.

3.　　Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced Crumble's product(s), and a link to purchase the product(s).

4.　　Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced a sale on, or a discount to, the price of Crumble's product(s).

5.　　Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that advertised, referenced a sale on, or a discount to, the price of Crumble's product(s).

6.　　Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that advertised, referenced a sale on, or a discount to, the price of Crumble's product(s).

7.　　Documents and electronically stored information sufficient to identify the number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period in the same form(s) as one or more text messages referenced in Plaintiff's class action complaint.

8.　　All records of any "STOP" or other Do Not Call requests received in response to the text messages.

9.　　Communications between Braze or its attorneys or its representatives, and Crumble or its attorneys or its representatives, that relate to the Action.

### Topics

1.　　Telephone number 586-420-5289.

2.　　Each communication or attempted communication between Plaintiff and Braze, or between telephone number 586-420-5289 and Braze, including the date and substance of each communication.

3.　　The hardware and software Braze used in connection with communications or attempted communications with Plaintiff, or with telephone number 586-420-5289.

4. The system or software Braze used to document or otherwise memorialize details of communications or attempted communications between Plaintiff and Braze, or between telephone number 586-420-5289 and Braze—including the date, time, substance of, and disposition of, the communications or attempted communications.

5. Each text message Braze delivered or attempted to deliver to Plaintiff, or to telephone number 586-420-5289, including the date of each text message.

6. Each text message Crumble delivered or attempted to deliver, by way of Braze, to Plaintiff, or to telephone number 586-420-5289, including the date of each text message.

7. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that included a solicitation, and Braze's ability and efforts to identify them.

8. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that included a link to a website by way of which Crumble's product(s) could be purchased, and Braze's ability and efforts to identify them.

9. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced Crumble's product(s), and a link to purchase the product(s), and Braze's ability and efforts to identify them.

10. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced a sale on, or a discount to, the price of Crumble's product(s), and Braze's ability and efforts to identify them.

11. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced a sale on, or a discount to, the price of Crumble's product(s), and a link to purchase the product(s), and Braze's ability and efforts to identify them.

12. The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period that referenced a discount code for Crumble's product(s) or shipping on Defendant's product(s), and Braze's ability and efforts to identify them.

13.     The number of unique telephone numbers to which Braze delivered or attempted to deliver on behalf of Crumble, or to which Crumble delivered or attempted to deliver by way of Braze, at least two text messages during a twelve-month period in the same form(s) as one or more text messages referenced at paragraph 12 of Plaintiff's amended class action complaint (attached), and Braze's ability and efforts to identify them.

14.     For the unique telephone numbers referenced by document request nos. 6-13, the names of the persons that Braze associates with each of the telephone numbers, and Braze's ability and efforts to identify them.

15.     For the unique telephone numbers referenced by document request nos. 6-13, the names of the persons that Crumble associates with each of the telephone numbers, and Braze's ability and efforts to identify them.

16.     Written agreements between Braze and Crumble that relate to text messages sent to the unique telephone numbers referenced by document request nos. 6-13.

17.     Communications between Braze or its attorneys or its representatives, and Crumble or its attorneys or its representatives, that relate to the Action.