# EXHIBIT C

EXHIBIT C



February 9, 2026

By Electronic Mail

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Ste. 2400
Hingham, MA 02043
anthony@paronichlaw.com

      Re:  Subpoena in *Soboleski v. Crumble LLC*, Case No. 25-cv-11839 (E.D. Mich.)

Dear Mr. Paronich,

This letter is in response to the third-party subpoena issued in the above litigation and addressed to Bandwidth.com CLEC, LLC ("Bandwidth CLEC"), which Bandwidth CLEC received on January 27, 2026. As you know, Bandwidth CLEC is not a party in the case nor any party's agent. Bandwidth CLEC objects to your subpoena pursuant to Federal Rules of Civil Procedure 30 and 45.

As an initial matter, Bandwidth CLEC objects to the time frame you proposed to respond to the subpoena.  The subpoena demands that Bandwidth CLEC produce one or more corporate witnesses to testify regarding seventeen topics for a deposition scheduled February 20, 2026, and additionally demands production of nine expansive categories of documents.  This timeline is unduly burdensome, especially in light of the breadth and possible volume of the documents requested and about which Bandwidth CLEC is expected to testify.

Bandwidth CLEC also objects to the subpoena because it does not do business with "Crumble LLC" or any entity operating under that name.  For purposes of lodging its further objections, Bandwidth CLEC assumes that the subpoena seeks information and documents related to Crumbl Franchising LLC ("Crumbl"). Crumbl is not a customer of Bandwidth CLEC. Bandwidth CLEC is a certificated Competitive Local Exchange Carrier that provides local exchange telecommunications services solely to its parent company Bandwidth Inc. Bandwidth CLEC does not have end user customers. To the extent Plaintiff seeks information and documents from Bandwidth Inc., Bandwidth CLEC's objections herein are made on behalf of Bandwidth Inc. as well as Bandwidth CLEC.

Bandwidth CLEC further objects to the subpoena to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, rule, or doctrine, and to the extent that the subpoena attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of the court, or any other applicable rule or law.  Bandwidth CLEC does not waive any other objections and reserves all rights, including those afforded under Rules 30 and 45.  These objections should not be construed as confirming the existence of any requested documents.

Anthony Paronich
February 9, 2026
Page 3



Bandwidth CLEC also objects to the subpoena as you have not taken "reasonable steps to avoid imposing an undue burden or expense" on Bandwidth CLEC. Fed. R. Civ. P. 45(d)(1). To start, the subpoena demands documents and information related to text messages "referenced in Plaintiff's class action complaint" (Request No. 7; Topic No. 13) but did not include a copy of the complaint. The subpoena is also vague, including because it demands that Bandwidth CLEC prepare a corporate designee to testify regarding "document requests nos. 6–13" (Topic Nos. 14–16), but contains only nine total document requests.

The subpoena is also unduly burdensome. You have either issued it prior to exhausting party discovery, or the materials and information you are seeking from Bandwidth CLEC have already been produced through party discovery. By way of example only, the subpoena seeks documents identifying the number of unique telephone numbers to which Crumbl directed text messages (Request Nos. 1–7; Topic Nos. 7–13), the names of persons that Crumbl associates with those telephone numbers (Topic No. 15), and communications between Bandwidth CLEC and Crumbl (Request No. 9; Topic Nos. 16–17). Crumbl likely has information and documents responsive to these requests. Demanding that Bandwidth CLEC produce material that is in a party's custody or control imposes undue burden and expense on Bandwidth CLEC.

Additionally, the subpoena is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information in the *Soboleski* litigation (the "Lawsuit"). For example, the Lawsuit alleges violations of the Telephone Consumer Protection Act arising from marketing text messages allegedly *delivered* to telephone numbers on the DNC Registry, yet your subpoena requests information from Bandwidth CLEC about *attempted* deliveries of text messages (Requests No. 1–7; Topics 2–13). Additionally, Plaintiff Victoria Soboleski ("Soboleski") alleges that she registered her number with the DNC Registry on March 27, 2025. Your subpoena requests documents and information from June 19, 2021, to the present, more than forty-five months of additional data. You have also requested information about all communications between Soboleski and Bandwidth CLEC, regardless of the topic of those communications (Topic No. 2); about every text message delivered to Soboleski, whether or not any such messages were delivered for or by Crumbl (Topic No. 5); and about any information whatsoever Bandwidth CLEC may have about Soboleski's alleged telephone number, which was not issued by Bandwidth CLEC (Topic No. 1). Any documents or information about these topics would not be relevant to the Lawsuit and, even if they are, the burden of producing such broad categories of documents and information outweighs their probative value.

Bandwidth CLEC also objects to the subpoena as unduly burdensome to the extent it seeks documents and information from sources not reasonably accessible (e.g., legacy systems), in light of the burden and costs required to identify, locate, and review such information.

Finally, Bandwidth CLEC objects to the subpoena to the extent it seeks trade secret information or information that is confidential or proprietary in nature, including but not limited to the requests for information about Bandwidth CLEC's systems and software (Topic Nos.

Anthony Paronich
February 9, 2026
Page 3



3–4) and irrelevant proprietary information about the business relationship between Bandwidth CLEC and Crumbl (Topic No. 16).

Bandwidth CLEC provides these objections as required by the Federal Rules of Civil Procedure. Until these issues are resolved, Bandwidth CLEC will not produce any documents or information and will not appear for the deposition scheduled February 20, 2026. Bandwidth CLEC will instead agree to meet and confer at a mutually agreeable time to discuss how to significantly narrow the subpoena. Please note that Bandwidth CLEC may retain outside counsel to represent it in this matter in advance of a meet and confer.

Sincerely,

Emily Harlan
SVP, Legal, Bandwidth Inc.
eharlan@bandwidth.com