**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| VICTORIA SOBOLESKI, | ) | |
| *on behalf of herself and* | ) | Civil Action No.: 5:25-cv-11839 |
| *others similarly situated,* | ) | |
| | ) | Class Action Complaint |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| v. | ) | |
| | ) | |
| CRUMBLE LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Plaintiff Victoria Soboleski and Defendant Crumbl LLC (erroneously sued as "Crumble LLC") respectfully submit this Joint Status Report concerning the discovery dispute addressed during the Court's May 7, 2026 Discovery Dispute Hearing.

**Plaintiff's Statement**

At the hearing, the Court Ordered the parties to meet and confer regarding a potential sampling methodology that could address Defendant's asserted concerns regarding the production of information responsive to subpoenas served on Defendant's vendors.

Following the hearing, Plaintiff promptly initiated that process. On May 7, 2026, immediately following the hearing, Plaintiff requested that Defendant provide the total number of unique telephone numbers that Defendant supplied to Braze for text messaging during the class period. Plaintiff explained that this threshold information was necessary to evaluate and formulate an appropriate sampling proposal.

Despite multiple follow-up communications, Defendant did not provide the requested information. Instead, Defendant sought additional time to confer with its client, resulting in the

1

parties jointly requesting an extension through May 29, 2026 to provide the Court with a further update.

After obtaining that extension, Defendant still failed to provide the requested population figure. Rather than supplying the information necessary for the parties to evaluate sampling, Defendant advised that it continues to object to production on privacy grounds and asserted that even a temporal limitation would not address its concerns because the relevant population likely includes a substantial portion of its customer base.

Defendant's position prevents the parties from meaningfully engaging in the sampling discussion contemplated by the Court. Plaintiff cannot evaluate or propose an appropriate sample without first knowing the size of the underlying population from which any sample would be drawn. The total number of unique telephone numbers provided to Braze during the class period is a basic threshold metric necessary to assess potential sampling methodologies.

Accordingly, Plaintiff respectfully submits that Defendant has not complied with the Court's Order to engage in a meaningful discussion regarding sampling because Defendant has refused to provide the foundational information necessary for that discussion. Defendant has had more than three weeks since the hearing, multiple follow-up requests from Plaintiff, and an additional extension of time requested by Defendant for the express purpose of addressing these issues. Despite those opportunities, Defendant has not provided the requested population figure or any alternative proposal that would permit the parties to evaluate a sampling methodology.

Indeed, Defendant's own statement confirms the necessity of the requested information. Defendant acknowledges that Plaintiff requested the aggregate population figure in order to determine an appropriate sample size and conduct a statistically valid sampling analysis. Yet Defendant refused to provide that information while simultaneously insisting that sampling is

2

required instead of the discovery sought by the Plaintiff, which has requested months ago. Defendant never proposed an alternative population metric, an alternative sampling methodology, or any other mechanism by which the parties could evaluate a sample. As a result, Defendant's position leaves Plaintiff with no practical means of engaging in the sampling process ordered by the Court.

Defendant's privacy arguments also miss the point and the at-length discussion the parties had with the Court. Plaintiff did not request the disclosure of any individual consumer information in connection with this meet-and-confer process. Plaintiff requested only a single aggregate number reflecting the size of the population from which any sample would be drawn. Disclosure of a top-line population count does not reveal any customer's identity, telephone number, or personal information. Nor does Defendant explain how disclosure of an aggregate figure would implicate the privacy concerns repeatedly asserted throughout this dispute.

Further, Defendant's assertion that the requested figure bears "no relation" to the putative class is precisely why the information is necessary. The purpose of sampling is to determine what portion of the broader population may fall within the class definition. Without first knowing the size of the broader population, neither the parties nor the Court can meaningfully evaluate whether a proposed sample is statistically reliable or proportional to the issues in dispute.

Most importantly, Defendant does not dispute that it failed to provide the requested information during the more than three weeks following the Court's directive and the parties' subsequent extension. Defendant's position amounts to a unilateral decision that it need not provide the information necessary to facilitate the very process the Court directed the parties to undertake.

3

At this juncture, the parties are no closer to implementing the process contemplated by the Court on May 7, 2026 because Defendant has refused to provide the threshold information necessary for that process to occur. Plaintiff therefore respectfully requests that the Court order Defendant, within seven (7) days, to disclose the total number of unique telephone numbers provided to Braze for text messaging during the class period and to participate in a further meet-and-confer regarding a sampling protocol. Alternatively, Plaintiff requests that the Court schedule a further discovery conference and direct Defendant to show cause why it should not be sanctioned for its failure to provide the information necessary to implement the sampling process ordered by the Court.

## Defendant's Statement

Crumbl respectfully submits this statement to provide the Court with Crumbl's position regarding the discovery dispute addressed during the Court's May 7, 2026 Discovery Dispute Hearing (the "Hearing") and subsequent communications with Plaintiff.

Immediately following the Hearing, Plaintiff's counsel contacted Crumbl's counsel to request the total number of subscribers for the class period, a metric that the Court did not order Crumbl to produce.  Rather, Plaintiff requested the top-line figure (a number completely divorced from the actual class size in this case) in order to determine—from Plaintiff's perspective—what sample size would be needed to conduct a statistically sound analysis around potential class size.  While Crumbl does not concede, and instead disagrees, that the top-line figure demanded by Plaintiff is necessary to determine an appropriate sample size, Crumbl and its counsel took Plaintiff's request under consideration to determine an acceptably narrow disclosure that would avoid the eventual disclosure, in violation of countless third parties' privacy rights, of the phone numbers for essentially Crumbl's entire customer base.  To be sure,

while Crumbl does not take the position that the total number of subscribers for the class period itself contains personally identifiable information, that figure is confidential and its disclosure—especially in a public forum—would cause Crumbl to suffer competitive harm. Moreover, Plaintiff's request for this number is just the next step in a process that, by Plaintiff's own description, would inevitably result in the disclosure of private third-party information.

Crumbl continues to have serious concerns that a temporal limitation on Plaintiff's demand for Crumbl's consumer data does not address the privacy concerns it has raised regarding the subpoenas served on its vendors. Whether the relevant time frame is one month, three months, or some shorter period, the number of subscribers who received text messages during any of these periods very likely comprises most of Crumbl's active customer base, and the vast majority of these customers are not members of the putative class. Accordingly, producing this information, regardless of temporal scope, would result in the disclosure of personally identifiable information belonging to countless consumers who have no connection to this litigation, without adequate justification, and at the expense of consumer privacy.

Moreover, the specific demand that Plaintiff now presses—the total number of unique telephone numbers provided to Braze for the full four-year class period—is not what the parties discussed nor committed to at the Hearing. Rather, Plaintiff has imposed this demand after the fact to obtain a large aggregate number that bears no relation to the class Plaintiff seeks to represent. The Court's directive was for the parties to meet and confer regarding a potential sampling methodology, not for Plaintiff to unilaterally demand, and Crumbl to be forced to disclose, its unique consumer telephone data for a four-year span. Crumbl's declination to provide Plaintiff with this information is not a refusal to cooperate with the Court's directive, but

is instead the protection of consumer privacy up to and until the parties reach find a *reasonable* solution to determine class size.

Crumbl has consistently maintained, both in its motion to quash and throughout the discovery dispute process, that the subpoenas at issue seek personally identifiable information regarding a large volume of individual consumers who are not part of the putative class, seek trade secrets and confidential commercial information in which Crumbl has a protectable interest, and are otherwise overbroad and not proportional to the needs of the case. These concerns remain unresolved and are not addressed by Plaintiff's demand for an aggregate subscriber count that would encompass the full breadth of Crumbl's customer base.

Crumbl also respectfully notes that any delay in this process was not the product of gamesmanship or bad faith, but instead Crumbl's attempts to fairly address Plaintiff's request in light of the Court's directive at the Hearing.

In light of the foregoing, Crumbl respectfully requests that the Court either: (1) schedule a further discovery conference wherein the parties may further discuss these issues and attempt to reach a resolution; or (2) allow full briefing on Crumbl's motion to quash and the underlying discovery dispute so that these issues may be properly adjudicated on the merits. The questions presented, including the scope of permissible discovery, the proportionality of the requests, and the privacy interests of Crumbl's customers, are substantive matters that warrant considered resolution, either through a further discovery conference or by motion and hearing.

Dated: May 29, 2026                     PLAINTIFF, on behalf of herself
                                        and others similarly situated,

6

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Dated: May 29, 2026                    DEFENDANT Crumbl, LLC

/s/ John J. Atallah
John J. Atallah
Foley & Lardner LLP
555 S. Flower Street, Suite 3300
Los Angeles, CA  90071-2418
213.972.4834
jatallah@foley.com