# EXHIBIT A

2026 WL 2906613
Only the Westlaw citation is currently available.
United States District Court, D. Colorado.

Trinceton BROWN, individually and on behalf of all other similarly situated, Plaintiff,
v.
HURSH GROUP, LLC, a Colorado company, Defendant.

Civil Action No. 26-cv-00185-NRN
|
Signed September 28, 2026

**Attorneys and Law Firms**

Andrew Roman Perrong, Perrong Law LLC, Yardley, PA, Avi R. Kaufman, Kaufman P.A., Coral Gables, FL, Stefan Coleman, Coleman PLLC, Miami, FL, for Plaintiff.

Matthew Carson Porter, Tamara Ann Seelman, Gordon Rees Scully Mansukhani LLP, Denver, CO, for Defendant.

## ORDER[1] GRANTING DEFENDANT'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT UNDER RULE 12(b)(6) (ECF No. 10)

1 The parties consented to magistrate judge jurisdiction, ECF No. 13, and an Order of Reference was entered on April 14, 2026, ECF No. 14.

N. REID NEUREITER, United States Magistrate Judge

***1** This case is before the Court on Defendant Hursh Group LLC d/b/a Avid Demand's ("Hursh") Motion to Dismiss the Class Action Complaint Under Rule 12(b)(6) ("Motion to Dismiss"). ECF No. 10. Plaintiff Trinceton Brown filed a response, ECF No. 11, and Hursh filed a reply, ECF No. 12. The Court heard oral argument on May 4, 2026. *See* ECF No. 20. The Court, having taken judicial notice of the case file and considering the applicable federal and state statutes and case law, **GRANTS** the subject Motion to Dismiss.

## I. FACTUAL BACKGROUND[2]

2 Unless otherwise noted, all factual allegations are taken from Mr. Brown's Class Action Complaint ("Complaint"), ECF No. 1, and are presumed to be true for the purposes of the motions to dismiss. Any citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

Mr. Brown is a resident of Utah. Hursh is a digital marketing agency that sends unsolicited telemarketing text messages to individuals, like Mr. Brown, who are on the National Do Not Call registry ("DNC"). Mr. Brown alleges that he received unauthorized text messages from Hursh on November 11 and December 17, 2025. He claims that these text messages violate the DNC provision of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). He seeks injunctive and monetary relief on behalf of himself, and all persons injured by Hursh's conduct.

Hursh moves to dismiss, arguing that Mr. Brown does not state a claim under the TCPA because he does not allege that he or any putative class members ever received a "telephone call" from Hursh. Mr. Brown insists that the TCPA governs text messages as well as phone calls. For the reasons discussed below, the Court respectfully concludes that Hursh has the better argument.

## II. LEGAL STANDARDS

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81, 129 S.Ct. 1937. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681, 129 S.Ct. 1937. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679, 129 S.Ct. 1937.

**III. ANALYSIS**

***2** 47 U.S.C.A. § 227(c)(5) grants a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the [TCPA] ...." Hursh argues that the term "telephone call" as used in § 227(c)(5) does not include text messages; Plaintiff argues that it does. Both parties cite caselaw in support of their interpretation of the term "telephone call." Prior to the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), Plaintiff would have prevailed: "it was settled law that telephone calls included text messages based on a 2003 FCC [Federal Communications Commission] order to that effect." *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-cv-2811-TWT, 2026 WL 456919, at *3 (N.D. Ga. Feb. 17, 2026). However, in *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146, 145 S.Ct. 2006, 222 L.Ed.2d 405 (2025), the Supreme Court, reiterating *Loper Bright*'s rejection of *Chevron* deference, concluded that a district court is not bound by the FCC's interpretation of the TCPA. Instead, "[t]he District Court should interpret the statute as courts traditionally do under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc.*, 606 U.S. at 168, 145 S.Ct. 2006.

Nevertheless, Plaintiff cites numerous *post-McLaughlin* and *Loper Bright* cases where district courts (and one circuit court: the Ninth Circuit) have concluded that text messages are calls under the TCPA. *See* ECF No. 11 at 11–13 (citing cases). The Tenth Circuit has not ruled on this issue, but on July 14, 2026, after the Court heard argument on the subject motion, the Seventh Circuit concluded that "texts are not calls, so § 227(c)(5) does not authorize the plaintiff's suit." *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 535 (7th Cir. 2026). Then, on September 23, 2026, in *Radvansky v. 1st Class Medical*, No. 25-cv-03796-PAB-STV, 2026 WL 2858562, at *3 (D. Colo. Sept. 23, 2026), Judge Philip A. Brimmer adopted the reasoning in *Steidinger* and dismissed a case that, like the one before the Court, was based only on the delivery of unsolicited text messages. Judge Brimmer explained:

> [T]he Seventh Circuit noted that "[t]he TCPA doesn't offer a definition, so we turn to contemporaneous dictionary definitions for guidance." *Id.* at 535 (citing *Dela. v. Penn.*, 598 U.S. 115, 127-28, 143 S.Ct. 696, 215 L.Ed.2d 24 (2023)). In doing so, the court found that, at the time the TCPA was enacted, "a telephone was 'an instrument for reproducing sounds at a distance.' " *Id.* at 535–36 (citing *Telephone*, Webster's Ninth New Collegiate Dictionary (1991)) (alterations omitted). The court further noted that "a call meant 'to get or try to get into communication by telephone.' " *Id.* at 536 (citing *Call*, Webster's Ninth New Collegiate Dictionary (1991)). Therefore, the court determined that, "in 1991, a 'telephone call' referred to communication via sound." *Id.* "Text messages do not reproduce sounds, suggesting that they do not qualify as a new application of telephone call within the meaning of that term." *Id.* (citing *Wis. Cent. Ltd. v. United States*, 585 U.S. 274, 284, 138 S.Ct. 2067, 201 L.Ed.2d 490 (2018)).

*Id.* at *2.

Here, Plaintiff argues that the plain meaning of the word "call" in the TCPA has traditionally been understood to encompass any attempt to communicate by phone, regardless of whether that call is communicated by voice or text. He asserts that this interpretation of the word

> furthers the guiding purpose of the Do Not Call Registry, "to protect residential telephone subscribers' privacy rights to avoid receiving *telephone solicitations* to which they object." [29] § 227(c)(1) (emphasis added). The key operative term is "telephone solicitations," which are defined in the TCPA as "the initiation of a telephone call or *message* for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services, which is transmitted to any person." *Id.* § 227(a)(4) (emphasis added).

***3** ECF No. 11 at 9–10.

Judge Brimmer addressed a similar contention in *Radvansky*

> The issue with this argument, however, is that "§ 227(c)(5) only creates a private right of action for the receipt of more than one 'telephone call' within a 12-month period. It doesn't mention telephone messages, nor does it

> use the more encompassing term, telephone solicitation." *Steidinger*, 182 F.4th at 536. Thus, in *Steidinger*, the court presumed that, "because Congress used a different term in these two subsections of § 227, it intended a different meaning," and therefore the Court found that "[t]he best reading of § 227(c)(5) is ... that it provides a narrower remedy than recovery for all forms of telephone solicitation; plaintiffs may sue after receiving unwanted telephone calls, but not unwanted telephone solicitations (which include not merely calls but also messages)." *Id.* (citation omitted); *see also* *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1274 (N.D. Fla. 2025) ("Congress's use of the phrase 'telephone call or message' in a neighboring provision only undermines [plaintiff's] position. It shows that Congress does not use the term 'telephone call' to encompass all 'messages.' "). The Court agrees with this analysis and finds that § 227(c)'s use of the term "telephone solicitation" in other subsections of § 227(c) undermines plaintiff's interpretation of telephone call rather than bolsters it.

*Radvansky v. 1st Class Med.*, 2026 WL 2858562, at *3. Moreover, Plaintiff's "policy arguments and broad invocation of the TCPA's remedial nature 'cannot overcome the clear commands of § 227(c)(5)'s text and the statutory context.' " *Steidinger*, 182 F.4th at 539 (quoting *Facebook, Inc. v. Duguid*, 592 U.S. 395, 406, 141 S.Ct. 1163, 209 L.Ed.2d 272 (2021)).

Plaintiff also argues that the FCC's interpretations of the words "call" and "telephone call" are still entitled to "appropriate respect." ECF No. 11 at 12–13. But

> *Steidinger* considered and rejected this argument. 182 F.4th at 538. In doing so, the court noted that this argument was unpersuasive because it involved the FCC interpreting "call" to include text messages in the context of extending DNC registry protections to text messages. *Id.* "But the National Do-Not-Call Registry was implemented pursuant to § 227(c)(3), which refers to 'telephone solicitations,' so the FCC's interpretation doesn't inform our understanding of § 227(c)(5), which refers only to telephone calls." *Id.* The Court finds this analysis persuasive, and does not find that the FCC's interpretation of other subsections of § 227(c) informs the proper interpretation of § 227(c)(5).

*Radvansky v. 1st Class Med.*, 2026 WL 2858562, at *2–3. The *Steidinger* court also stated that, even if the FCC interpreted "telephone call" as used in § 227(c)(5) to encompass text messages, the court is not "bound by the FCC's interpretation" and would come to the same conclusion on the issue regardless of FCC interpretation. 182 F.4th 538–39 (citing *McLaughlin Chiropractic Assocs., Inc.*, 606 U.S. at 168, 145 S.Ct. 2006).

Like Judge Brimmer, this Court is persuaded by the reasoning in *Steidinger* and concludes that that the term "telephone call," as used in § 227(c)(5), does not encompass text messages. *See also* *Rush v. Selectquote Ins. Servs., Inc.*, No. 6:26-cv-03157-MBB, 2026 WL 2495598, at *3 (W.D. Mo. July 30, 2026) (following *Steidinger* and concluding that "the plain and ordinary meaning of § 227(c)(5) is clear: 'text messages' are not 'telephone calls' "); *Conrad v. Hart Consumer Prods.*, No. 4:24-cv-307-CLM, 2026 WL 2741623, at *13 (N.D. Ala. Sept. 16, 2026) ("Consumers find spam text messages annoying. But they do not call text messages 'telephone calls.' "). Accordingly, Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

***4** For the reasons set forth above, it is hereby **ORDERED** that the Motion to Dismiss the Class Action Complaint Under Rule 12(b)(6), ECF No. 10, is **GRANTED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**All Citations**

Slip Copy, 2026 WL 2906613

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.