**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Victoria Soboleski,

Plaintiff,

v.

Crumble LLC,

Defendant.

Case No: 5:25-cv-11839-JEL-DRG

Judith E. Levy
United States District Judge

Mag. Judge: David R. Grand

---

**DEFENDANT CRUMBL, LLC'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Crumbl, LLC ("Crumbl"), erroneously sued as "Crumble LLC," respectfully submits this Second Notice of Supplemental Authority to inform the Court of two decisions issued after Crumbl filed its Reply in Support of its Motion for Judgment on the Pleadings (ECF No. 29) on September 24, 2026. Copies of the decisions are attached as **Exhibits A** and **B**.

First, in *Bronstin v. Happy Cabbage Analytics, Inc.*, No. 1:25-cv-01083, 2026 WL 3343316 (M.D. Pa. Oct. 29, 2026) (Ex. A), the court granted the defendant's Rule 12(b)(6) motion to dismiss a putative class action asserting a claim under 47 U.S.C. § 227(c)(5) based on the plaintiff's receipt of text messages. The court held that "text messages are not telephone calls under the plain language in § 227(c)(5), and the receipt of unwanted text messages therefore does not create a private cause of action under § 227(c)(5)." *Id.* at *7. In doing so, the court declined to follow

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), explaining that it and similar decisions "rely on agency deference" and interpreted § 227(b), not § 227(c)(5). *Id.* at *6. On that basis, the court dismissed the complaint with prejudice. *Id.* at *8.

Second, in *Siringi v. Crust Pizza Co.*, No. 4:25-cv-04266, 2026 WL 3392348 (S.D. Tex. Nov. 6, 2026) (Ex. B), the court dismissed the plaintiff's § 227(c)(5) claim based on receipt of text messages. The court found the difference between § 227(c)(5)'s use of "telephone call" and the surrounding provisions' use of "telephone solicitation" "significant," and "agree[d] with the Seventh Circuit that Section 227(c)(5) provides a narrower private remedy than the regulatory protections afforded to 'telephone solicitations.'" *Id.* at *2 (citing *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 535–39 (7th Cir. 2026)). The court further held that "Congress's subsequent amendments do not compel a different result" and that "the FCC's regulation of text-message solicitations [does not] resolve the scope of the distinct federal private remedy." *Id.*

Crumbl respectfully requests that the Court consider these authorities in connection with its pending Motion for Judgment on the Pleadings (ECF No. 24).

Dated: November 18, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ John J. Atallah*

John J. Atallah
Foley & Lardner LLP
555 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2418
213.972.4834
jatallah@foley.com

Charles W. Niemann
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
414.297.5149
cniemann@foley.com

*Counsel for Defendant*