# EXHIBIT B

2026 WL 3392348
Only the Westlaw citation is currently available.
United States District Court, S.D. Texas,
College Station.

COSBY SIRINGI, individually and on § behalf of all others similarl situated, Plaintiff,
v.
CRUST PIZZA CO., Defendants.

Civil Action No. 4:25-CV-04266
|
Filed 11/06/2026

**Attorneys and Law Firms**

Yitzchak Zelman, Marcus & Zelman LLC, Asbury Park, NJ, for Plaintiff.

Henry Mark Pogorzelski, K&L Gates LLP, Austin, TX, Joseph C. Wylie II, K&L Gates, Chicao, IL, for Defendant.

**ORDER ACCEPTING IN PART AND REJECTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

DREW B. TIPTON UNITED STATES DISTRICT JUDGE

***1** Pending before the Court is the October 14, 2026, Report and Recommendation ("R&R") prepared by Magistrate Judge Dena H. Palermo. (Dkt. No. 36). Judge Palermo made findings and conclusions and recommended that Defendant Crust Pizza Co.'s Motion to Dismiss, (Dkt. No. 27), be granted.

The Parties were provided proper notice and the opportunity to object to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On October 28, 2026, Plaintiff Cosby Siringi filed objections, (Dkt. No. 38), and submitted supplemental authority, (Dkt. No. 39). First, Siringi objects to the R&R's conclusion that text messages do not constitute "calls" under the Telephone Consumer Protection Act ("TCPA"), arguing that the overwhelming weight of judicial authority holds otherwise. (Dkt. No. 38 at 7–10). Second, Siringi argues that the text, context, and statutory purpose of the TCPA support treating text messages as telephone calls, as the court concluded in *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-CV-00343, 2026 WL 202930 (S.D. Tex. Jan. 26, 2026). (Dkt. No. 38 at 12–16). Third, Siringi objects to the R&R's treatment of the Supreme Court's statement in *Campbell-Ewald Co. v. Gomez* that a text message "qualifies as a 'call,' " 577 U.S. 153, 156, 136 S.Ct. 663, 667, 193 L.Ed.2d 571 (2016), arguing that it constitutes an "unambiguous holding" that should be followed, as recognized in *Taylor v. OffersPDQ, LLC*, No. 4:23-CV-03018, 2026 WL 2998370, at *3 (S.D. Tex. Sept. 30, 2026). (Dkt. No. 38at 8–9). Fourth, Siringi argues that the Fifth Circuit has already recognized that text messages fall within the TCPA's prohibitions, relying on *Cranor v. 5 Star Nutrition, L.L.C.*, which stated that "[r]obocalls and robotexts are nuisances" which Congress banned with the TCPA. 998 F.3d 686, 688 (5th Cir. 2021). (Dkt. No. 38 at 5, 19). Fifth, Siringi contends that Congress ratified the FCC's longstanding interpretation that the TCPA encompasses text messages through subsequent statutory amendments. (*Id.* at 9–10). Finally, Siringi argues that Section 227(c)(5)'s private right of action extends to text messages because the term "telephone call" should be interpreted consistently throughout the TCPA and in accordance with the FCC's longstanding regulatory interpretation. (*Id.* at 12–21).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.; see also* Fed. R. Civ. P. 72(b)(3).

As an initial matter, the Court adopts the R&R's conclusion that Siringi failed to plead sufficient facts to support a plausible inference that Crust Pizza Co. used an automatic telephone dialing system and that he abandoned his claim under Section 227(b)(1)(A)(iii) by failing to defend it in response to the Motion to Dismiss. (Dkt. No. 36 at 4–7). Dismissal of that claim rests on those independent grounds, not on a determination that text messages categorically fall outside Section 227(b).

***2** The Court also agrees with the R&R that Siringi's Section 227(c)(5) claim fails. Section 227(c)(5) creates a private right of action for a person who has received more than one "telephone call" in violation of regulations prescribed under Section 227(c). 47 U.S.C. § 227(c)(5). By contrast, the surrounding provisions repeatedly use the broader term

"telephone solicitation," which Congress defined to include "the initiation of a telephone call or message." *Id.* §§ 227(a)(4), (c)(1)–(4). The Court finds this difference in language significant and agrees with the Seventh Circuit that Section 227(c)(5) provides a narrower private remedy than the regulatory protections afforded to "telephone solicitations." *See Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532, 535–39 (7th Cir. 2026). Although *Alvarez* reached the contrary conclusion, the Court finds *Steidinger*'s treatment of the statutory text and structure more persuasive. *See Alvarez*, 2026 WL 202930, at *4–6.

Nor do *Campbell-Ewald, Cranor*, or *Taylor* require a different result. Those cases addressed Section 227(b), rather than the differently worded private right of action in Section 227(c)(5). Moreover, after *Campbell-Ewald*, the Supreme Court explained that it was assuming, without deciding, that the TCPA's prohibition at issue extended to unsolicited text messages because the parties did not dispute the issue. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400 n.2, 141 S.Ct. 1163, 1168 n.2, 209 L.Ed.2d 272 (2021). The Court therefore concludes that those authorities do not foreclose the interpretation of Section 227(c)(5) adopted here.

Congress's subsequent amendments do not compel a different result. Section 227(i)(1)(A) expressly refers to "a call made or a text message sent in violation of subsection (b)." That reference to subsection (b) does not alter Section 227(c)(5)'s express requirement that a plaintiff have received more than one "telephone call." *See Steidinger*, 182 F.4th at 539. Nor does the FCC's regulation of text-message solicitations resolve the scope of the distinct federal private remedy. *Id.* at 538–39. The Court's conclusion concerning Section 227(c)(5) does not determine the validity of an otherwise applicable FCC regulation.

The Court does not, however, adopt the R&R's recommendation concerning Siringi's claim under Texas Business and Commerce Code § 305.053. The R&R reasons that because Siringi has not adequately alleged a violation of the TCPA, he necessarily has not alleged a violation of Section 305.053. (Dkt. No. 36 at 16). But Section 305.053 expressly authorizes an action by a person who receives a communication that violates "47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A." Tex. Bus. & Com. Code § 305.053(a). Thus, the absence of a privately actionable federal claim under Section 227(c)(5) does not by itself establish that Siringi cannot state a Texas claim based on an alleged violation of an applicable FCC regulation. Because the R&R does not separately determine whether Siringi has adequately alleged such a regulatory violation, the Court does not accept the R&R's conclusion that the Section 305.053 claim necessarily fails merely because the federal claims fail. The Court does not decide at this time whether Siringi has adequately pled an applicable regulatory violation, including whether he qualifies as a residential telephone subscriber, or resolve any other remaining ground for dismissal of the Texas claim.

The dismissal of Plaintiff's federal claims does not divest the Court of supplemental jurisdiction over the remaining state-law claim. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40, 129 S.Ct. 1862, 1866–67, 173 L.Ed.2d 843 (2009). The Court may, however, decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). That determination requires consideration of the applicable statutory factors and the common-law factors of judicial economy, convenience, fairness, and comity. *See Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872–73 (5th Cir. 2016). Before deciding whether to retain jurisdiction over the Texas claim, the Court will require the Parties to address whether an independent basis for original jurisdiction exists and, if not, whether the Court should exercise supplemental jurisdiction. The Court reserves that determination and further consideration of Defendant's Motion as to the Texas claim pending the supplemental briefing ordered below.

***3** The Court has carefully considered de novo those portions of the R&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for clear error. For the reasons explained above, the Court accepts and adopts the R&R's recommended dismissal of Siringi's federal claims for the reasons stated in this Order, but rejects its conclusion that his claim under Texas Business and Commerce Code § 305.053 necessarily fails because the federal claims fail. Final disposition of the Texas claim is reserved. It is therefore ordered that:

1) Judge Palermo's R&R, (Dkt. No. 36), is **ACCEPTED and ADOPTED IN PART and REJECTED IN PART**, consistent with this Order;

2) Defendant's Motion to Dismiss, (Dkt. No. 27), is **GRANTED** as to Plaintiff's claims under 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(c)(5) and **RULING IS RESERVED** as to Plaintiff's claim under Texas Business and Commerce Code § 305.053; and

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

3) Plaintiff's claims under 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(c)(5) are **DISMISSED**; and

4) **WITHIN 14 DAYS** after entry of this Order, each party **SHALL FILE A SUPPLEMENTAL BRIEF, NOT EXCEEDING SEVEN PAGES**, addressing:

(a) whether an independent basis for original jurisdiction exists over Plaintiff's remaining claim under Texas Business and Commerce Code § 305.053, supported by the relevant jurisdictional facts and authorities; and

(b) if not, whether the Court should retain supplemental jurisdiction under 28 U.S.C. § 1367(c), considering the applicable statutory factors and judicial economy, convenience, fairness, and comity.

It is SO ORDERED.

Signed on November 6, 2026.

**All Citations**

Slip Copy, 2026 WL 3392348

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.