**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Victoria Soboleski, individually and on behalf of all others similarly situated,

Plaintiff,

v.

Crumbl LLC,

Defendant.

Case No.: 5:25-cv-11839-JEL-DRG

Honorable Judith E. Levy
United States District Judge

Magistrate Judge David R. Grand

---

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Victoria Soboleski respectfully submits this Notice of Supplemental Authority in support of her Opposition (ECF No. 21) to Defendant Crumbl LLC's Motion for Judgment on the Pleadings (ECF No. 24). On November 16, 2026, after briefing on the Motion closed, two federal district courts issued the following decisions: *Vandersloot v. ATYG, LLC*, No. 4:26-cv-00275-DCN, 2026 WL 3521464 (D. Idaho Nov. 16, 2026) (attached hereto as Exhibit A); and *Waterman v. General Automobile Insurance Services, Inc.*, No. SA-26-CV-03721-JKP, 2026 WL 3522712 (W.D. Tex. Nov. 16, 2026) (attached hereto as Exhibit B). Both courts held that text messages are actionable "telephone call[s]" under 47 U.S.C. § 227(c)(5).

In *Vandersloot*, decided in the District of Idaho by Judge David C. Nye, the defendant moved to dismiss on the ground that "the provision authorizes a private right of action only for the receipt of more than one 'telephone call' in violation of regulations prescribed under section 227(c), and text messages are not telephone calls." 2026 WL 3521464, at *4. The *Vandersloot* Court noted that "[t]he Ninth Circuit has not directly addressed whether a text message constitutes a 'telephone call' under § 227(c)(5)," id., and therefore undertook its own analysis of the statutory text. The Court explained:

> The statute defines a "telephone solicitation" as "the initiation of a telephone call or message" for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. 47 U.S.C. § 227(a)(4) (emphasis added). That definition expressly contemplates that a telephone solicitation may take the form of a message, and § 227(c)(5), which creates a private right of action for repeated violations of regulations prescribed under that subsection, should be read in the context of those protections and definitions.
>
> *Vandersloot*, 2026 WL 3521464, at *4.

The *Vandersloot* Court further rejected the distinction the defendant sought to draw between voice calls and text messages:

> The Court also finds the reasoning that excluding text messages would create an artificial distinction between communications that implicate the same privacy interests to be persuasive. As the Ninth Circuit has recognized, unsolicited telemarketing calls and text messages both invade recipients' privacy and disturb their solitude. *Van Patten*, 847 F.3d at 1043. The Court does not understand

> the statutory use of "telephone call" to require that the communication be transmitted through a voice conversation when the TCPA elsewhere recognizes that a telephone solicitation may be initiated through a text message.
>
> *Vandersloot*, 2026 WL 3521464, at *5.

The *Vandersloot* Court specifically considered *Steidinger v. Blackstone Medical Services*, 182 F.4th 532 (7th Cir. 2026), and the district court decisions that have followed it, see *Vandersloot*, 2026 WL 3521464, at *5 (collecting cases), and declined to follow them:

> The Court respectfully declines to follow *Steidinger* and the district court decisions adopting its reasoning. Although the difference in wording between §§ 227(b) and 227(c)(5) warrants the Court's consideration, it does not overcome the broader statutory context. Section 227(c) expressly defines telephone solicitation to include the initiation of a telephone call or message, and the FCC's implementing regulation now expressly confirms that the Do-Not-Call protections apply to telemarketing text messages sent to wireless numbers. See 47 C.F.R. § 64.1200(e). Here, the Court finds the FCC's interpretation consistent with the statutory text and the Ninth Circuit's recognition that text messages constitute calls under the TCPA. Accordingly, the Court concludes that a text message may constitute a "telephone call" for purposes of § 227(c)(5) and will not dismiss Vandersloot's FAC on this basis.
>
> *Vandersloot*, 2026 WL 3521464, at *5 (footnote omitted).

In doing so, the *Vandersloot* Court recognized that, after *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), "it must exercise independent judgment in interpreting the statute and cannot defer to the FCC's interpretation

merely because the statute is ambiguous," but that "[t]he FCC's interpretation . . . remains relevant to the extent it is persuasive." 2026 WL 3521464, at *5 n.2. The Court concluded "that text messages are not categorically excluded from § 227(c)(5)." Id. at *7.

In *Waterman*, decided in the Western District of Texas by Judge Jason Pulliam, the defendant likewise argued that "the telemarketing text messages left on Waterman's cellphone do not constitute a 'telephone call' subject to the TCPA's Do-Not-Call restriction." 2026 WL 3522712, at *2. The Court acknowledged that "[r]ecent TCPA jurisprudence reflects a growing split among district and circuit courts on this legal issue," and that "the Fifth Circuit has not ruled on this issue." Id. The Court nevertheless denied the motion to dismiss, holding:

> Persuaded by the reasoning of these and the overwhelming majority of cases, this Court concludes the term "telephone call" incorporates text messages under the TCPA, and thereby, receipt of telemarketing text messages on a cellphone registered on the Do-Not-Call List are actionable under 47 U.S.C. § 227(c)(5).

*Waterman*, 2026 WL 3522712, at *3.

These decisions bear directly on the central question presented by Defendant's Motion: whether the telemarketing text messages Plaintiff received after registering her number on the National Do Not Call Registry are actionable under § 227(c)(5). Plaintiff respectfully requests that the Court consider this authority in evaluating Defendant's Motion for Judgment on the Pleadings.

Dated: November 21, 2026

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the Proposed Class*