# Exhibit B

2026 WL 3522712
Only the Westlaw citation is currently available.
United States District Court, W.D.
Texas, San Antonio Division.

Lauren WATERMAN, Individu-
Ally and on Behalf of All Others
Similarly Situated; Plaintiff,
v.
The GENERAL AUTOMOBILE IN-
SURANCE SERVICES, INC., Defendant.

Case No. SA-26-CV-03721-JKP
|
Filed 11/16/2026

**Attorneys and Law Firms**

Christopher Berman, Shamis Gentile, Miami, FL, for Plaintiff.

Shirley Berlinda Rose, Scheef & Stone LLP, Frisco, TX, for Defendant.

**MEMORANDUM OPINION AND ORDER**

JASON PULLIAM UNITED STATES DISTRICT JUDGE

***1** Before the Court is Defendant The General Automobile Insurance Services, Inc.'s ("The General") Motion to Dismiss for Failure to State a Claim. *ECF Nos. 9,11.* Plaintiff Lauren Waterman responded. *ECF No. 10.* Upon consideration, the Motion is **DENIED**.

**Factual Background**

Plaintiff Lauren Waterman brings suit against The General for using automated telephone equipment in violation of the Telephone Consumer Protection Act ("**TCPA**"). Waterman alleges The General left multiple telemarketing **text** messages on her cellphone in June 2025 despite being registered on the National Do-Not-**Call** Registry (the "NDNCR") and without consent in violation of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. §§ 227(b)(1)(A)(iii) and (c)(5). Waterman asserts a private cause of action on behalf of herself and a putative class for violation of 47 U.S.C. § 227(c)(5).

The General moves to dismiss Waterman's single cause of this action on several grounds: (1) the private right of action allowed under Section 227(c)(5) does not apply to the NDNCR provisions; (2) the term "telephone **call**" as used in the **TCPA**, specifically, 47 U.S.C. § 227(c)(5), does not encompass **text** messages; (3) Waterman fails to plausibly allege The General was responsible, either directly or vicariously, for any of the **texts** identified in the Complaint, and; (4) Waterman fails to allege facts to support the elements of this cause of action. The General also asserts Waterman's request for injunctive relief must be dismissed pursuant to Federal Rule 12(b)(1) because she fails to allege any facts suggesting she is at imminent risk of any future injury (i.e., the receipt of future text messages) and relies only upon the receipt of text messages over three days in June 2025, with no contact since. Finally, The General contends the Court should strike Waterman's class allegations.

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

***2** In assessing a motion to dismiss under Rule 12(b)(6), the court's review is limited to the live Complaint and any

documents attached to it. Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp., 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

**1. Private Right of Action**

The General contends Waterman's NDNCR claim is not enforceable under the **TCPA** Section 227(c)(5) because that section authorizes a private right of action only for violation of regulations enacted by the FCC within the authorized timeframe, i.e., no later than September 20, 1992. Because the NDNC regulations were enacted in 2003, The General contends they are not regulations prescribed under or enforceable by the **TCPA** (47 U.S.C. § 227(c)(1)-(2), (5)).

The subject CFR regulation (the NDNC regulation) provides: "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c).

Since its enactment, courts have enforced the NDNC regulation (§ 64.1200(c)(2)) through the **TCPA** (47 U.S.C.§ 227(c)(5)). *See, e.g., Duron v. Kings Capital Holding LLC*, No. 3:25-CV-00149, 2026 WL 319779, at *5 (W.D. Tex. Jan. 13, 2026), rep. & rec. adopted, 2026 WL 316037 (Feb. 5, 2026)("Section 227(c)(5) creates a private right of action ..." and concluding "**text** messages are actionable under § 227(c)(5)"); ***Callier*** *v. United Fundings LLC*, No. 3:24-CV-00363, 2026 WL 1623421, at *8 (W.D. Tex. Apr. 15, 2026)(same); *see also Barton v. JMS Assoc. Mktg., LLC*, No. 21-35836, 2023 WL 2009925, at *2 (9th Cir. Feb. 15, 2023) (§ 227(c)(5) "provides a private right of action" for **calls** that violate "regulations promulgated under the **TCPA**," including § 64.1200(c)(2)); *Murray v. Grocery Delivery E-Services USA Inc.*, 55 F.4th 340, 347 (1st Cir. 2022); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 650, 657 (4th Cir. 2019).

The General relies upon *Internicola v. MortgagePros, LLC*, a nonbinding, out-of-circuit district court decision, to support its argument that § 227(c)(5) does not authorize private enforcement of the national do not call registry. *See Internicola v. MortgagePros, LLC*, No. 6:25-cv-01613, 2026 WL 3027393, at *3–4 (M.D. Fla. Sept. 24, 2026), rep. and rec. adopted in part, rejected in part, 2026 WL 3027393 (Sept. 24, 2026). The Court declines to follow *Internicola* in light of this long-standing jurisprudence to the contrary.

**2. Whether the FTCA Applies to Text Messages**

The General argues the telemarketing **text** messages left on Waterman's cellphone do not constitute a "telephone **call**" subject to the **TCPA's** Do-Not-**Call** restriction. Based upon this legal issue, The General contends Waterman's case should be dismissed.

Recent **TCPA** jurisprudence reflects a growing split among district and circuit courts on this legal issue. *See Duron*, 2026 WL 319779, at *4–6. This Court will not discuss this jurisprudence because it is thoroughly discussed in *Duron. See id.*; *see also Feliciano v. Red McCombs Hyundai Nw. Gp, L.L.C.*, No. SA-26-CV-00200, 2026 WL 3232870, at *2 (W.D. Tex. Oct. 28, 2026). Although the Fifth Circuit has not ruled on this issue, the Court finds persuasive extensive authority within the district courts of Texas and the Fifth Circuit, in which courts consistently hold the **TCPA** applies to text messages. *See id.*; *Callier v. The Finish Line*, No. 3:25-CV-2331, 2026 WL 2654093, at *3-*6 (N.D. Tex. Aug. 19, 2026), rep. & rec. adopted, 2026 WL 2648113 (Sept. 8, 2026); *Callier v. Am. Auto Group LLC*, No. 3:25-CV-00231, 2026 WL 1741206, at *7 (W.D. Tex. May 29, 2026), rep. & rec. adopted, 2026 WL 1738124 (June 16, 2026); *Alvarez v. Fiesta Nissan, Inc.*, No. 7:25-cv-343, 2016 WL 202930, at *3-6 (S.D. Tex. Jan. 26, 2026); *McGonigle v. Shopperschoice.com, L.L.C.*, No. 25-152, 2026 WL 413198, at *4-6 (M.D. La. Feb. 13, 2026).

***3** Persuaded by the reasoning of these and the overwhelming majority of cases, this Court concludes the term "telephone **call**" incorporates **text** messages under the **TCPA**, and thereby, receipt of telemarketing **text** messages on a cellphone registered on the Do-Not-**Call** List are actionable under 47 U.S.C. § 227(c)(5).

For this reason, The General's Motion to Dismiss based upon this argument will be denied.

**3. Sufficiency of Pleading the Elements of the Cause of Action**

**A. Whether The General was responsible for Sending the Subject Texts**

The General contends Waterman's cause of action must be dismissed because she does not plausibly allege The General was responsible—either directly or vicariously—for any of the subject texts.

Plaintiffs suing under the **TCPA** and associated regulations may "allege either direct liability by showing that the defendant initiated the offending telemarketing calls, or vicarious liability by showing that an entity in an agency relationship with the defendant initiated the calls." *Ortega v. DiTommaso Inc.*, No. 5:24-CV-00369, 2025 WL 440278, at *5 (W.D. Tex. Feb. 6, 2025). Direct liability is limited to circumstances where the defendant physically places the alleged violative telephone call. *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006, 2019 WL 4282039, at *3–4 (E.D. Tex. Aug. 8, 2019), *rep. and rec. adopted by* 2019 WL 4277507 (Sept. 10, 2019).

In the Complaint, Waterman identifies the sending number, (706) 490-6889, as "Defendant's telephone number" and alleges "on information and belief" the number is "owned and operated by Defendant," *ECF No. 1*, ¶¶ *15, 28.* Waterman includes the subject text messages which introduce the sender as "The General Insurance," quote Waterman a price for insurance, assign her a "quote ID," and provide a link to "geninsur.com." *Id.* ¶ 15.

These statements are sufficient to plausibly allege The General initiated the alleged violative text messages. *See* *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006, 2019 WL 4282039, at *3–4 (E.D. Tex. Aug. 8, 2019), rep. and rec. adopted by 2019 WL 4277507 (Sept. 10, 2019); *see also* *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018).

Because the Complaint plausibly alleges direct liability, the Court need not reach The General's vicariousliability argument.

**B. Sufficiency of Remaining Elements**

A "telephone solicitation" is defined to expressly exclude "a call or message" (A) "to any person with that person's prior express invitation or permission," or (B) "to any person with whom the caller has an established business relationship," which can be established "on the basis of the [telephone] subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call." 47 C.F.R. § 64.1200(f)(5), (15). Thus, to plausibly allege her cause of action, Waterman must plead facts showing she received at least two text messages that qualify as "telephone solicitations" within the meaning of these regulations. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The General contends Waterman's cause of action must be dismissed because she fails to allege she did not provide her "prior express invitation or permission" ("PEIP") to receive the at-issue text messages. Instead, Waterman alleges she did not provide The General with "her express written consent to be contacted." *ECF No. 1,* ¶ *22.* In addition, The General contends the Complaint alleges only that Waterman "has no existing business relationship" with The General; however, this is not the standard that governs her NDNCR claim. *Id. at* ¶ *21.* The General contends Section 64.1200(c)(2) does not require an "existing" business relationship as of the time of the claim. Rather, "established business relationship" is defined as a "prior or existing relationship" based on the recipient's (1) purchase or transaction within the 18 months prior to the date of the call, or (2) inquiry or application regarding products or services offered by The General within the three months prior to the date of the call. 47 C.F.R. § 64.1200(f)(5). The General argues "[t]he Complaint's silence on ["existing business relationship"] for the relevant time period is a critical omission that undermines [Waterman's] claim." Because Waterman fails to plead the absence of PEIP or an EBR, as required to state her claim, The General contends her cause of action must be dismissed.

***4** The factual basis of the cause of action and statements in the Complaint plausibly allege the required elements of the asserted cause of action and provide sufficient notice to The General of its factual and legal bases. Although Waterman did not use the specific language as stated in the subject regulation, based upon its argument here, The General clearly has fair notice of the asserted cause of action and the grounds upon which it rests to survive dismissal. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555–558, 570; *Ashcroft v. Iqbal*, 556 U.S. at 678.

Further, the grounds for dismissal of this cause of action that The General relies upon are exemptions of liability, or defenses to liability, under the subject regulation. 2003 Order, 68 Fed. Reg. at 44,159 ¶ 83 (a seller relying on an established business relationship "must be able to demonstrate, with clear and convincing evidence," that one exists). *Murray v.*

*Grocery Delivery E-Services USA Inc.*, 55 F.4th 340, 347 (1st Cir. 2022). Waterman need not plead around exemptions, or defenses. Instead, The General must plead, and holds the burden of proof on, any exemption/defense. *See* 2003 Order, 68 Fed. Reg. at 44,159 ¶ 83; *Murray*, 55 F.4th at 347.

"[Federal procedure requires only notice pleading, 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006); Fed.R.Civ.P. 8(c). "Although dismissal under Federal rule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Id.*

Nothing on the face of this Complaint establishes the exemptions addressed by The General in its Motion to Dismiss. Instead, Waterman alleges she has no business relationship with The General, never completed any form authorizing contact, and never gave The General "prior express consent." *ECF No. 1, ¶¶ 21–23, 49.*

Thus, The General's arguments pertaining to any pleading defect of the elements of the asserted cause of action must fail.

**4. Injunctive Relief**

The General argues Waterman lacks standing to seek an injunction because she asserts she received texts in June 2025 "with no contact since," and she alleges no facts suggesting she is at imminent risk of any future injury (i.e., the receipt of future text messages). The General contends the lack of imminent risk of future injury mandates dismissal of her request for injunctive relief under Federal Rule 12(b)(1).

"Past harm can constitute an injury-in-fact for purposes of pursuing injunctive relief if it causes 'continuing, present adverse effects.' " *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Daily Wire, LLC v. United States Dep't of State*, 733 F. Supp. 3d 566, 583 (E.D. Tex. 2024). Thus, past wrongs may also be evidence "of the likelihood of a future injury." *Crawford v. Hinds Cnty. Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021)(quoting *Lyons*, 461 U.S. at 102).

Waterman outlines in the Complaint specific instances of the receipt of telemarketing solicitation texts in June 2025. Waterman also states The General continues to

Based upon these allegations, Waterman sufficiently alleges sufficient prospective future harm that is required to pursue injunctive relief and is sufficient to avoid dismissal at this stage of litigation. *See Crawford*, 1 F.4th 371, 375; *Missouri*, 83 F.4th at 368.

**5. Putative Class**

The General moves to strike Waterman's "class allegations and improper damages request under Federal Rules 12(f) and/or 23 because Waterman is an inadequate class representative, the proposed class definitions are impermissibly 'fail safe,' and common questions of law and fact do not predominate."

***5** The General's Motion to strike Waterman's class allegations within this Federal Rule 12(b)(6) Motion to Dismiss is premature. Courts disfavor early motions to strike class allegations, except in rare circumstances. *Sims v. Allstate Fire & Cas. Ins. Co.*, 650 F. Supp. 3d 540, 546–47 (W.D. Tex. 2023); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *6 (E.D. La. Mar. 19, 2018). The Court finds no exceptions are present here. Discovery has not commenced, and Waterman has not yet filed a Motion for class certification. The General's arguments to strike any class allegations are more appropriately resolved at class certification stage of proceedings. *See id.*; *Cone v. Sanitarios Lamosa S.A. de C.V*, No. 17-00001, 2017 WL 4532636, at *1 (E.D. Tex. Sept. 22, 2017); *Warnock v. State Farm Mut. Auto. Ins. Co.*, No. 08-01, 2009 WL 10676946, at *1 (S.D. Miss. Mar. 31, 2009).

**Conclusion**

For the reasons stated, The General's Motion to Dismiss for Failure to State a Claim is **DENIED.**

It is so ORDERED.

SIGNED this 16th day of November, 2026.

**All Citations**

Slip Copy, 2026 WL 3522712

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.